DANIEL M. PETROCELLI (S.B. # 097802)
  dpetrocelli@omm.com
ROBERT C. WELSH (S.B. # 130782)
  rwelsh@omm.com
MATTHEW T. KLINE (S.B. # 211640)
  mkline@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067-6035
Telephone:   (310) 553-6700
Facsimile:    (310) 246-6779
Attorneys for Plaintiff National R.V., Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| NATIONAL R.V., INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>CRANE CO. and CRANE COMPOSITES, INC.,<br><br>          Defendants. | Case No. ED CV 06-00803 SGL (PJWx)<br><br>**PLAINTIFF NATIONAL RV, INC.'S REPLY TO CRANE'S OBJECTIONS TO ITS [PROPOSED] FINAL JUDGMENT** |

## I. NATIONAL RV'S PROPOSED FINAL JUDGMENT IS PROPER.

Crane contends that National's proposed final judgment violates Rule 58 because "it contains excessive analysis, citations to authorities, and footnotes citing to exhibits admitted at trial as well as trial testimony." Crane's Objs. To Pl. National RV's [Proposed] Final Judgment at 4:14-16 (Mar. 5, 2007). This claim is unsubstantiated. Crane fails to identify any portion of the proposed judgment to which it objects on this ground, other than to generally object to numbered paragraphs 1-5. But these paragraphs do not contain legal analysis—they merely state proposed rulings on interest, costs, and National's remaining cause of action. *See generally* ROBERT E. JONES, ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS AND EVIDENCE § 18:133 (Online ed. 2008) ("Documents containing reasoning, legal analysis or supporting authority generally are not regarded as separate documents under Rule 58. *However, trivial departures 'must be tolerated in the name of common sense.'* Thus, the inclusion of a single sentence of explanation or citation to authority in an otherwise final decision will not frustrate the 'separate document' requirement.") (emphasis added).

Second, National does not object to the removal of its footnotes and citations from the judgment. These references were included for the convenience of the Court and Crane, and their removal does not affect the substance of the judgment. However, Crane is incorrect to the extent it suggests that a judgment may not reference other documents or proceedings, as even the cases it cites make clear:

> The fact that the amended judgment references the district court's proceedings and decision regarding PEIC's motion to alter the judgment does not change this result. As our cases make clear, a judgment can reference proceedings and/or a previous decision by the court and still comply with the Rule 58 separate document requirement.

*Pac. Employers Ins. Co. v. Domino's Pizza, Inc.*, 144 F.3d 1270, 1278 (9th Cir. 1998).

REPLY TO CRANE'S OBJS. TO NRV'S PROPOSED FINAL JUDGMENT

## II. AS THE PREVAILING PARTY, NATIONAL RV IS ENTITLED TO COSTS.

Under Rule 54, "costs—other than attorney's fees—should be allowed to the prevailing party" "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise[.]" FED. R. CIV. PROC. 54(d). "[T]he prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case," 10 DANIEL R. COQUILLETTE, ET AL., MOORE'S FEDERAL PRACTICE § 54.101 (Online ed. 2008), and "*regardless of the amount of damages awarded,*" ROBERT E. JONES, ET AL., RUTTER GROUP PRACTICE GUIDE: FEDERAL CIVIL TRIALS AND EVIDENCE § 19:5 (Online ed. 2008) (emphasis added) (party awarded "$1 nominal damages" could be prevailing party). "Thus, a party need not prevail on every issue, or even on the 'central issue' in the case, to be considered a 'prevailing party.'" *Id.* Instead,

> A plaintiff "'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Because a judgment for damages in any amount modifies the defendant's behavior to the plaintiff's benefit, . . . a plaintiff who wins [even] nominal damages is a prevailing party.

*Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (quoting *Farrar v. Hobby*, 506 U.S. 103 (1992)); *see also Hashimoto v. Dalton*, 118 F.3d 671, 678 (9th Cir. 1997) (plaintiff asserting disparate treatment and retaliation claims against her employer was prevailing party despite the fact that the district court ruled in defendant's favor on all but one of her claims, and Court did not order reinstatement or back pay).[1] Here, the jury found in favor of National on two

---

[1] While courts may, in special circumstances, deny costs where a plaintiff is only successful on some its claims, "[t]he general rule is that the court is without power to make an apportionment of costs based upon the fact that the prevailing party has failed in a part of his or her claims." 20 AM. JUR. 2D *Costs* § 14 (Online ed. 2008). This rule is clearly demonstrated by the cases cited by Crane in its objections to National's final judgment. *See, e.g., Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed. Cir. 2000) (refusing to award costs where judgment was entered for plaintiff,

1  of its seven causes of action and awarded National more than $3 million in
2  damages. By any conceivable measure, National is the prevailing party and is
3  entitled to costs.

4  Dated: March 10, 2008                    Respectfully Submitted,

                                            DANIEL M. PETROCELLI
                                            ROBERT C. WELSH
                                            MATTHEW T. KLINE
                                            O'MELVENY & MYERS LLP

                                            By: _____
                                                Daniel M. Petrocelli
                                                *Attorneys for Plaintiff*

CC1:780697.1

---

but court found plaintiff infringed defendant's patents and caused $540,000 in damages); *Testa v. Vil. of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (requiring each party to bear its own costs where plaintiff lost federal claim and only won $1,500 on related *state* claim); *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (noting that prevailing party could not be determined until after remand; "In the event that plaintiffs prevail on their Section 1 claim on remand, the resultant mixed judgment may warrant that each party bear its own costs. *We express no opinion on this matter*, which will fall within the discretion of the district court following the new trial.") (emphasis added).

- 3 -                                       REPLY TO CRANE'S OBJS. TO NRV'S
                                            PROPOSED FINAL JUDGMENT